# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JACKIE RAY YOUNG,

    Plaintiff,

v.                                                    Civil No. 98-0357 BB/WWD

CITY OF ALBUQUERQUE POLICE DEPARTMENT,
MARY SANCHEZ, OFFICER H. SANCHEZ,
OFFICER D. MAGETTERI, OFFICER G. HICKS,
SGT. M.S. SAUL, A.D.A. DAVID TOUREK,
OFFICER L. GUENTHER,
PAROLE OFFICER LAURA CHAVEZ,
PAROLE HEARING OFFICER ADRIENNE JACKSON,
and OFFICER CHRISTOPHER CAPPON,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

1. THIS MATTER comes before the Court sua sponte and on Plaintiff's Civil Rights complaint. Plaintiff is incarcerated and is proceeding pro se and in forma pauperis. The Court previously dismissed all defendants and numerous constitutional claims except for a § 1983 claim for malicious prosecution against Defendant Magetteri in his individual capacity. See Court Order of June 26, 1998 [7-1].

2. While on parole in 1996, Plaintiff was arrested for battery as a result of a false criminal complaint filed by a member of Plaintiff's household at the time.[1] He was then arrested for parole violation on a separate domestic violence charge to which he confessed. Plaintiff claims that a grand jury indicted him on the battery charges in part because Albuquerque Police Officer Magetteri

---

[1] The complaint was filed by Defendant Mary Sanchez, who has since been dismissed from the case.

allegedly lied about exculpatory medical evidence. I find that this remaining claim should be dismissed as well.

  3. Plaintiff specifically alleges that Magetteri knew from the "medical examination that [the victim's injuries] could not have happen [sic] by the . . . baseball bat" and that at the grand jury proceedings, Magetteri gave false testimony regarding this evidence which was hearsay. Compl., ¶¶ 5, 15, 16. I view these allegations as conclusory where Plaintiff does not show a factual basis for knowledge of any testimony which was given during proceedings generally understood to be carried out in secret and kept under seal. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based). Nor do I find Plaintiff's suspicions or convictions sufficient to constitute a factual basis for a claim. See 28 U.S.C. § 1915(e)(2)(ii) (court shall dismiss case at any time if determined that the allegation fails to state a claim on which relief may be granted).

  4. Also, because Plaintiff has not shown that Magetteri was acting in a capacity other than as a lay witness, Magetteri is entitled to absolute immunity for testimony given during a grand jury proceeding. See Anthony v. Baker, 955 F.2d 1395, 1401 (10th Cir. 1992) (absolute immunity for grand jury testimony denied only if witness is a complaining witness and only if the testimony is relevant to the manner in which he initiated or perpetuated the prosecution of the plaintiff);[2] see also Taylor v. Meacham, 82 F.3d 1556, 1563 n.8 (10th Cir. 1996)(noting that pursuing a malicious prosecution claim against a police officer is "anomalous" because the "principal player in carrying

---

 [2] A "complaining witness" is a person who "actively instigated or encouraged the prosecution of the plaintiff." Proof of the witness having such a role is required. Anthony, 955 F.2d at 1399 n.2. Plaintiff's allegations here revolve around what Magetteri "knew or should have known" about how the investigation results matched up with the medical evidence. Compl., ¶¶ 16, 16.

2

out a prosecution . . . is not a police officer but prosecutor") (quoting Albright v. Oliver, 510 U.S. 266 (1993)). Thus, Plaintiff's claims should be dismissed on this basis as well; see also 28 U.S.C. § 1915(e)(2)(iii) (court shall dismiss case at any time if determined that the allegation seeks monetary relief against a defendant who is immune from such relief); cmp. Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987) (affirming sua sponte dismissal of complaint under § 1915(d) on the basis of absolute immunity of defendant when it was clear "the defense precluded a rational argument on the law and facts of the plaintiff's claim").

**Recommendation**

I recommend that Plaintiff's malicious prosecution claim against Defendant Magetteri in his individual capacity and Plaintiff's Civil Rights complaint be dismissed with prejudice and that this action be dimissed. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE